UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY HARDAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00395 |
| | ) |
| WILLIAM LEE, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Pending before the Court is Jerry Hardaway's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 12). Mr. Hardaway's request for a temporary restraining order is **DENIED WITHOUT PREJUDICE**.

Mr. Hardaway filed this lawsuit on May 27, 2022. He complains about how Tennessee's Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, T.C.A. § 40-39-201 et seq. ("SORA"), constitutes a retroactive punishment in violation of the Ex Post Facto Clause, Article I, § 10 of the Constitution. Among other things, he alleges that SORA precludes him from living with his fiancé and his grandson. (Doc. No. 1, Compl., ¶¶ 29–31). When the lawsuit was filed, he sought preliminary and permanent injunctive relief, but not a temporary restraining order. (Id. at 10). Mr. Hardaway's motion for temporary injunctive relief filed on August 9, 2022 (Doc. No. 13) makes the same allegations as those in his complaint. (Doc. No. 13 at 4). For example, he again alleges that SORA precludes him living with his fiancé "in her Portland, Tennessee home with their eleven-year-old grandchild" because the home is located within 1000 feet of a little league baseball park. (Doc. Nos. 12-1, 12-2). The Court cannot discern what has occurred between May 27, 2022 and August 9, 2022 that requires a temporary restraining

order. Mr. Hardaway's delay in seeking temporary injunctive relief suggest that there is no immediate threat and thus no basis for a temporary restraining order. Allied Erecting & Dismantling Co. v. Genesis Equp. & Mfg., 511 F. App'x 398, 404 (6th Cir. 2013) (finding that "an unreasonable delay in filing for injunctive relief" weighs "against a finding of irreparable harm"); Sarnova HC, LLC v. Reetz, No. 2:21-cv-0601, 2021 U.S. Dist. LEXIS 65527, at *11 (S.D. Ohio Apr. 5, 2021) (holding that a party's delay "severely undermines [its] request for a temporary restraining order because its lack of urgency suggests it does not need immediate injunctive relief). The Court fully appreciates and agrees that the ongoing alleged denial of Mr. Hardaway's constitutional rights could constitute irreparable harm. Doe v. Snyder, 834 F.3d 696, 705 (6th Cir. 2016). This was the case, however, on May 27, 2022 when the lawsuit began, yet Mr. Hardaway did not need immediate injunctive relief.

Mr. Hardaway's request for a preliminary injunction is **REFERRED** to the Magistrate Judge. The parties shall discuss with the Magistrate Judge the extent of the limited discovery necessary to prepare for a hearing on the motion for preliminary injunction. With the Magistrate Judge's approval, the parties shall propose an agreed-upon briefing schedule several target preliminary injunction hearing dates. The parties should also estimate the length of the hearing. The parties are further advised that the Court requires the parties to depose any witness that will testify at the hearing at least seven (7) days prior to the hearing. The Magistrate Judge shall expedite scheduling of the request for injunctive relief.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE